IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JUAN JOSE CRUZ, LIDIA CRUZ and GRISELDA CRUZ | § § § | |
| V. | § § | CIVIL ACTION NO. G-10-653 |
| ALLSTATE TEXAS LLOYDS and PILOT CATASTROPHE SERVICES, INC., | § § § | |

## OPINION AND ORDER

On December 13, 2010, Defendant, Allstate Texas Lloyd's (Allstate), filed a Verified Plea in Abatement alleging that Plaintiffs, Juan Jose Cruz, Lidia Cruz and Griselda Cruz, failed to provide the 60-day Notice required by Texas Insurance Code § 541.154. The Plaintiffs concede that they did not provide the required Notice letter before filing suit on October 6, 2010, but argue that, *inter alia*, the tardy Notice letter sent to Allstate on December 20, 2010, began the 60-day abatement clock which expired on February 18, 2011, thereby rendering Allstate's pending Plea moot. The Court agrees with the Plaintiffs.

Despite Allstate's argument to the contrary, the Court finds the Plaintiffs' Notice letter provides enough detail for Allstate "to grasp the basis" of their complaint. The letter describes the Plaintiffs' damages as follows:

> Juan Cruz's, Lidia Cruz's, and Griselda Cruz's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Juan Cruz's, Lidia Cruz's, and Griselda Cruz's home also sustained substantial structural and exterior damage during the storm. Furthermore, Juan Cruz, Lidia Cruz, and Griselda Cruz sustained significant damage to their contents and personal belongings.

The letter also explains that Allstate had failed to include in its payments all of the damages caused to the property by Hurricane Ike and provides a damages calculation. See <u>Richardson v. Foster & Sear, LLP</u>, 257 S.W.3d 782, 786 (Tex. App. -- Fort Worth, 2008). Admittedly, the letter could have been more enlightening, however, this Court has no inclination to haggle over what degree of factual specificity will be necessary to ultimately declare a Notice letter regarding hurricane damage to be sufficient or demand that Plaintiffs file amended Notice letters until they get it right.

Having found the letter to be sufficient, the Court feels compelled to deny Allstate's Plea as moot under the reasoning of the Texas Supreme Court in <u>In re: Alford Chevrolet-Geo</u>, 997 S.W.2d 173, 178 (Tex. 1999). On February 18, 2011, the 60-day abatement period would have ended. Although there was no automatic abatement in this case, due to the filing of the Plaintiffs' verified response, this Court sees no need to formally grant the now-expired stay.

It is, therefore, the **ORDER** of this Court that the Plea in Abatement of Allstate Texas Lloyd's (Instrument no. 8) is **DENIED as moot**.

**DONE** at Galveston, Texas, this ___21st___ day of April, 2011.

_____
John R. Froeschner
United States Magistrate Judge

2