IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JUAN JOSE CRUZ, LIDIA CRUZ and GRISELDA CRUZ | § § § |
| V. | §  CIVIL ACTION NO. G-10-653 |
| ALLSTATE TEXAS LLOYDS and PILOT CATASTROPHE SERVICES, INC., | § § § |

## OPINION AND ORDER

Before the Court, by referral from the Honorable Kenneth M. Hoyt, United States District Judge, is the opposed "Motion for Leave to File Amended Complaint" of Plaintiffs, Juan Jose Cruz, Lidia Cruz and Griselda Cruz; the proposed amendment seeks to add claims against Dale Brunts, the recently identified individual adjuster assigned by the Defendants to handle the Plaintiffs' property damage claim following Hurricane Ike. The Court significantly notes that Brunts is a citizen of Missouri and that his joinder will not destroy the diversity of citizenship upon which the Defendants' removal of this action was based. Having now considered the Motion, the Parties' relevant submissions and the applicable law, the Court issues this Opinion and Order.

The major thrust of the Defendants' opposition to the Motion is that the factual allegations pleaded in the proposed amended complaint are insufficient to state a claim against Brunts under the current federal pleadings standard. The Court concedes that leave to amend should be denied when the proposed amendment would be futile because it fails to state a claim under the applicable state law, UFCW v. Phillip Morris, Inc., 223 F.3d 1271, 1275 (11th Cir.), reh'g en banc, den. 239 F.3d 371 (11th Cir. 2000); however, in the opinion of this Court, the Defendants here, like many insurance companies and adjusters in similar property damage suits spawned by Hurricane

Ike, seek too much protection from the post-Twombly/Igbal federal pleading standard. It seems, to this Court, that those cases have not altered the pleading landscape as radically as so often touted. In Twombly[1] the Supreme Court sought to ensure that in complex litigation the substantial burden of discovery would not be placed on a defendant based on implausible allegations. Igbal[2], despite its more expansive language, involved the issue of qualified immunity which has, historically, always required some manner of heightened pleadings. This Court, however, agrees with Judge Posner's opinion that the height of the pleading requirement should be relative to the circumstances of the case at hand. See Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009)

The same can be said of reliance on the heightened pleading requirements of Rule 9(b) in these cases. The instant case, and the multitude of others like it on this Court's docket, are non-complex, straight-forward property damage claims involving allegations of substandard adjustment practices; the cases are unique only because the properties differ. In such cases, all that need be alleged are "facts that, if proven, could make it reasonably possible for a Texas court to find" that a defendant violated certain provisions of the Texas Insurance Code or engaged in fraudulent behavior. See Blanchard v. State Farm Lloyds, 206 F.Supp. 2d 840, 847 (S.D. Tex., J. Rosenthal, 2001) Allegations against an adjuster like failing to perform a thorough investigation; failing to include all damages pointed out by Plaintiffs; disregarding damages; undervaluing damages; underpricing the cost of repairs; misrepresenting to Plaintiffs that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence; failing to make an attempt to settle Plaintiffs' claims in a fair manner, although aware

---

[1] Bell Atlantic Corp. v. Twombly, 505 U.S. 544 (2007)

[2] Ashcroft v. Igbal, 556 U.S. ____, 173 L.Ed 2d 868 (2009)

of liability under the policy; failing to explain to Plaintiffs the reason for the offer of an inadequate settlement; failing to affirm or deny coverage within a reasonable time; and performing an outcome oriented investigation of Plaintiffs' claim are, in the opinion of this Court, sufficient. Cf. No. H-03-5312, Linda Duvall v. Allstate Insurance Co., et al., (S.D. Tex., J. Atlas, 2003) Surely, the Defendants in this and similar cases can, without much intellectual effort, divine from Plaintiffs' allegations that Brunts is being accused of intentionally or negligently cheating Plaintiffs out of legitimately owed insurance proceeds. If, through discovery, these "factual allegations" prove to be true, there is a reasonable possibility that the Plaintiffs could establish some violations of the Texas Insurance Code committed by Brunts, if not, summary judgment will be the appropriate way to resolve the issue on the merits.

It is, therefore, **ORDER** that the "Plaintiffs' Motion for Leave to File Amended Complaint" (Instrument no. 27) is **GRANTED** and the "Plaintiffs' First Amended Complaint" previously filed on July 26, 2011 (Instrument no. 29), **WILL BE** considered properly filed among the papers of this cause.

**DONE** at Galveston, Texas, this ____10th____ day of August, 2011.

_____
John R. Froeschner
United States Magistrate Judge